IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                                    No. 2:20-CV-1144 KG/KRS
                                                    No. 2:19-CR-1379 KG

JORGE NEVAREZ-LEDEZMA,

        Defendant/Movant.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Kevin R. Sweazea's Proposed Findings and Recommended Disposition. (CV Doc. 21)[1] ("Second PFRD"). Defendant/Movant Jorge Nevarez-Ledezma filed Objections to the Second PFRD, (CV Doc. 27), and the United States filed a response to Mr. Nevarez-Ledezma's Objections, (CV Doc. 28). Having conducted a *de novo* review of those portions of the Second PFRD to which Mr. Nevarez-Ledezma objected, the Court overrules the Objections, adopts the Magistrate Judge's Second PFRD, denies the remaining claim in Mr. Nevarez-Ledezma's Motion Under 28 U.S.C. § 2255, and dismisses this case with prejudice.

I.    Standard of Review

When a party files timely objections to a magistrate judge's recommendation, the district court "shall make a de novo determination of those portions . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] The Court follows the Magistrate Judge's practice of referring to documents filed in the civil case, CV 20-1144 KG/KRS, by the designation "CV Doc." All citations to "CR Doc." refer to documents filed in the criminal case, CR 19-1379 KG. Where documents are filed in both cases, the Court refers to the filing in the civil case.

magistrate judge." 28 U.S.C. § 636(b)(1)(C). The party must make specific objections; general or conclusory objections do not preserve review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "[T]he filing of objections ... enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," and only objections that clearly focus on the central disputes will be considered. *Id.* at 1059-1060. Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

II. Background

In February 2019, Mr. Nevarez-Ledezma was charged with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c), (CR Doc. 1), and he was later indicted for a single charge under each statutory provision, (CR Doc. 18). Federal Public Defender Daniel Rubin was appointed to represent Mr. Nevarez-Ledezma. (CR Doc. 2). On June 25, 2019, Mr. Nevarez-Ledezma entered into a Rule 11(c)(1)(C) plea agreement in which he agreed to plead guilty to one count each under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). (CR Doc. 26). The plea agreement included, *inter alia*, a waiver of appellate and postconviction rights of any sentence below or within the Sentencing Guideline range and of a collateral attack under 28 U.S.C. §§ 2241 or 2255, "except on the issue of defense counsel's ineffective assistance." *Id.* at 7-8. On October 18, 2019, the Court accepted the plea agreement and sentenced Mr. Nevarez-Ledezma to a total term of incarceration of 72 months and 5 years of supervised release, to run unsupervised if he is removed from the United States. (CR Doc. 42).

On November 4, 2020, Mr. Nevarez-Ledezma filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV Doc. 1). He raised the following claims: (1) there was no factual basis to support his plea; (2) his former counsel,

Mr. Rubin, provided ineffective assistance by failing to challenge the indictment on duplicity grounds and by failing to challenge the factual basis underlying the firearm possession charge; (3) Mr. Rubin provided ineffective assistance by refusing to appeal Mr. Nevarez-Ledezma's conviction; and (4) Mr. Rubin provided ineffective assistance by failing to seek suppression of certain evidence. On June 28, 2021, the Magistrate Judge entered a Proposed Findings and Recommended Disposition recommending that Mr. Nevarez-Ledezma's first, second, and fourth claims be denied, and that an evidentiary hearing be held on the third claim. (CV Doc. 10) ("First PFRD"). On September 22, 2021, the Court: (1) overruled Mr. Nevarez-Ledezma's objections to the First PFRD; (2) adopted the First PFRD; (3) dismissed Mr. Nevarez-Ledezma's first, second, and fourth claims; and (4) ordered that counsel be appointed and an evidentiary hearing be conducted regarding Mr. Nevarez-Ledezma's claim that his counsel was ineffective for not filing an appeal of his conviction. (CV Doc. 12).

Mr. Nevarez-Ledezma was appointed counsel and, on January 24, 2022, the Magistrate Judge held an evidentiary hearing. (CV Docs. 13, 18). At the hearing, Mr. Nevarez-Ledezma, Mr. Rubin, and Special Agent Jose Aleman testified via Zoom, and a Spanish interpreter was present to interpret the proceedings for Mr. Nevarez-Ledezma. (CV Doc. 18). On March 9, 2022, the Magistrate Judge entered the Second PFRD in which he found that Mr. Nevarez-Ledezma did not clearly communicate a request for an appeal to Mr. Rubin, and Mr. Rubin sufficiently consulted with Mr. Nevarez-Ledezma about filing an appeal. (CV Doc. 21) at 8-10. The Magistrate Judge found in the alternative that there was no duty to consult in this case because there was no reason to think that a rational defendant would want to appeal and Mr. Nevarez-Ledezma did not reasonably demonstrate to his counsel that he wanted to appeal. *Id.* at 11. Mr. Nevarez-Ledezma raises two objections to the Second PFRD—first, that Mr. Rubin was

ineffective because he incorrectly told Mr. Nevarez-Ledezma that he did not have the right to appeal, and second, that Mr. Rubin should have consulted with Mr. Nevarez-Ledezma about the advantages and disadvantages of an appeal after the sentencing hearing. (CV Doc. 27).

III.     Analysis

As explained in the Second PFRD, Section 2255 permits a federal inmate to "move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution and laws of the United States[.]" 28 U.S.C. § 2255(a). If the inmate shows "the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," the Court shall "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). In reviewing a Section 2255 motion, the Court presumes that the prior proceedings were lawful and the movant bears the burden of demonstrating the deprivation of a constitutional right. *See United States v. Kennedy*, 225 F.3d 1187, 1197 n.6 (10th Cir. 2000); *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).

To prevail on an ineffective assistance of counsel claim, a movant must establish that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Thus, a movant who shows that his counsel failed to file a notice of appeal despite specific instructions to do so satisfies the deficient-performance prong of *Strickland*. Moreover, "if counsel does not file a requested

appeal, a defendant is entitled to [a new] appeal without a showing that his appeal likely would have had merit." *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005).

In addition, counsel has a duty to consult with clients about filing an appeal if "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. To comply with this duty to consult, counsel must "advis[e] the defendant about the advantages and disadvantages of taking an appeal" and "mak[e] a reasonable effort to discover the defendant's wishes." *Id.* at 478. To determine whether a rational defendant would want to appeal, courts must take into account the "totality of the circumstances," including "whether the conviction follows a trial or guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* at 480. Courts should also consider "whether the defendant received the sentence bargained for as part of the plea" and "whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Mr. Nevarez-Ledezma's first objection is that Mr. Rubin was ineffective because he incorrectly told Mr. Nevarez-Ledezma after the sentencing hearing that Mr. Nevarez-Ledezma had no right to appeal his sentence. (CV Doc. 27) at 1. Mr. Nevarez-Ledezma argues that this advice was misleading because he did retain a right to appeal. At the evidentiary hearing, Mr. Rubin testified that immediately following Mr. Nevarez-Ledezma's sentencing, he said: "Jorge, you received the sentence that we requested. You understand you don't have the right to appeal. I don't see any advantage of appealing. Do you want to appeal?" Mr. Rubin testified that Mr. Nevarez-Ledezma answered "No." (CV Doc. 19) at 60. Importantly, Mr. Nevarez-Ledezma

does not challenge the Magistrate Judge's finding that he did not clearly communicate a request for an appeal to Mr. Rubin. (CV Doc. 20) at 8. Instead, Mr. Nevarez-Ledezma contends that Mr. Rubin's incorrect statement that he had waived his right to appeal led him to "rely on this and believe that he did not have a right to appeal." (CV Doc. 27) at 3.

Mr. Rubin additionally testified that he met with Mr. Nevarez-Ledezma in person several times at the Luna County Detention Center in Deming, New Mexico and the Hidalgo County Detention Center in Lordsburg, New Mexico, and that they had multiple phone calls. (CV Doc. 19) at 57-58, 71. Each time the spoke, they discussed the evidence against Mr. Nevarez-Ledezma and the plea agreement negotiations, and Mr. Rubin stated that he spent a lot of time going over the waiver of appeal rights with Mr. Nevarez-Ledezma. *Id.* at 71 (stating he went over the plea agreement "with Mr. Nevarez-Ledezma on March 8th at Luna, on April 16th at Luna, on May 10th at Luna," and on "May 31st, when we finally got our final plea agreement, I visited him at Hidalgo in person," and that he "covered his waiver of appeal rights every time we talked about the plea agreement"). Mr. Rubin explained to Mr. Nevarez-Ledezma that if he entered into the plea agreement, he could not at some later point say he was not guilty and appeal his sentence, but he would maintain his right to appeal ineffective assistance of counsel claims if he thought Mr. Rubin "messed up [his] case in any way." *Id.* at 72-73 (Mr. Rubin explaining that Mr. Nevarez-Ledezma could appeal issues such as: "[I]f I've miscalculated your guidelines, if I've gotten things wrong, if there's legal issues."). He also told Mr. Nevarez-Ledezma that he would have to appeal within fourteen days of the judgment being entered. *Id.* at 72.

The foregoing demonstrates that Mr. Rubin communicated multiple times with Mr. Nevarez-Ledezma about his appeal rights in light of the waiver in his plea agreement, and explained to Mr. Nevarez-Ledezma what issues he could appeal after he was sentenced. While

6

Mr. Rubin told Mr. Nevarez-Ledezma after the sentencing hearing that he had "waived his appeal rights," Mr. Rubin also asked him if he wanted to appeal—indicating that an appeal was still an option. Moreover, Mr. Nevarez-Ledezma does not contest that Mr. Rubin explained Mr. Nevarez-Ledezma's appeal rights to him on multiple occasions prior to the sentencing hearing. For these reasons, the Court finds that Mr. Rubin sufficiently explained to Mr. Nevarez-Ledezma that he retained his right to appeal any ineffective assistance of counsel claims, and that Mr. Nevarez-Ledezma did not clearly communicate a request for an appeal. *See Flores-Ortega*, 528 U.S. at 477 (explaining that a request for an appeal must be made with "specific" or "express" instructions). The Court overrules this objection.

Mr. Nevarez-Ledezma's second objection is that Mr. Rubin was ineffective because he did not reiterate the advantages and disadvantages of filing an appeal to Mr. Nevarez-Ledezma after the sentencing hearing. (CV Doc. 27) at 7-9. Mr. Nevarez-Ledezma contends that his discussions earlier in the case with Mr. Rubin regarding appeal rights were insufficient because the "critical phase" for advisement is between the entry of judgment and the deadline for filing an appeal. *Id.* at 5. Specifically, Mr. Nevarez-Ledezma states: "The juncture when Mr. Rubin should have provided advice to Mr. Nevarez regarding the advantages and disadvantages of appealing was after sentencing and before the 14-day deadline for filing a notice of appeal." *Id.* at 7.

Mr. Rubin consulted with Mr. Nevarez-Ledezma about the advantages and disadvantages of an appeal prior to his sentencing by explaining that that it was unlikely Mr. Nevarez-Ledezma would have grounds for an appeal if he gets the sentence he wants. (CV Doc. 19) at 72 (Mr. Rubin told Mr. Nevarez-Ledezma: "I do suggest if we get the sentence we want, it's unlikely that you would necessarily have grounds for an appeal; but again, if I've screwed something up, you

retain that right."). And after sentencing, Mr. Rubin said to Mr. Nevarez-Ledezma: "[Y]ou received the sentence that we requested. You understand you don't have the right to appeal. I don't see any advantage of appealing. Do you want to appeal?" (CV Doc. 19) at 60. Mr. Nevarez-Ledezma provides no support for a finding that counsel is required to restate the advantages and disadvantages of an appeal after a defendant is sentenced when those have been adequately explained earlier in the proceedings. Indeed, the term "consult" is defined in *Flores-Ortega* as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." 528 U.S. at 478. The Court agrees with the Magistrate Judge that Mr. Rubin complied with these requirements in this case.

Second, even if the duty to consult is not satisfied here, that does not constitute deficient performance. Mr. Rubin had a duty to consult if he had "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. To determine whether a rational defendant would want to appeal, courts consider "whether the conviction follows a trial or guilty plea," "whether the defendant received the sentence bargained for as part of the plea," and "whether the plea expressly reserved or waived some or all appeal rights." *Id.* Here, Mr. Nevarez-Ledezma's conviction followed a guilty plea, he received the sentence he bargained for as part of the plea, and he agreed to waive most of his appeal rights. The Court agrees with the Magistrate Judge that there is no reason to think that a rational defendant would want to appeal and Mr. Nevarez-Ledezma did not reasonably demonstrate to his counsel that he wanted to appeal. Therefore, the Court finds that Mr. Rubin's performance was not deficient and overrules this objection.

III.    Conclusion

For the reasons stated above, IT IS ORDERED that:

1)    Mr. Nevarez-Ledezma's Objections, (Doc. 27), are OVERRULED;

2)    The Magistrate Judge's Second Proposed Findings and Recommended Disposition, (Doc. 21), is ADOPTED;

3)    Mr. Nevarez-Ledezma's Motion Under 28 U.S.C. § 2255 is DENIED;

4)    This case is DISMISSED WITH PREJUDICE and a final judgment shall be entered concurrently with this Order; and

5)    Mr. Nevarez-Ledezma has failed to make a substantial showing of a denial of a constitutional right and, therefore, a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE